## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **SAHARA CAMPBELL,** | : | |
| 959 E. 20th Ave., | : | Case No.: 2:22-cv-199 |
| Columbus, OH 43211 | : | |
| | : | JUDGE: |
| and | : | |
| | : | MAGISTRATE JUDGE |
| **CATHERINE MORRIS,** | : | |
| 4680 Fenimore Ct., Apt. D | : | |
| Columbus, OH 43232 | : | **Jury Demand Endorsed Hereon** |
| | : | |
| **Plaintiffs, for themselves** | : | |
| **and all others similarly situated,** | : | |
| | : | |
| v. | : | |
| | : | |
| **PREMIERFIRST HOME HEALTH** | : | |
| **CARE INC.,** | : | |
| c/o Statutory Agent: Ryan Doyle | : | |
| 7250 Colonial Affair Dr., | : | |
| New Albany, OH 43054 | : | |
| | : | |
| **Defendant.** | : | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

NOW COME Plaintiffs Sahara Campbell and Catherine Morris (referred to collectively herein as "Named Plaintiffs" or "Plaintiffs"), on behalf of themselves and others similarly situated, and proffer this Complaint for damages against Defendant Premierfirst Home Health Care Inc. ("Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* and the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("Chapter 4111").

2.     Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, which provides for original jurisdiction of Plaintiff's claims arising under the law of the United States.

3.     This Court has jurisdiction over Named Plaintiffs' claims under the laws of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4.     Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendant is doing and has done substantial business in the Southern District of Ohio and Plaintiffs performed work in and/or reside in the Southern District of Ohio.

## THE PARTIES

5.     Plaintiff Sahara Campbell is an individual, a United States citizen, and a resident of the state of Ohio.  Plaintiff Campbell resides in Franklin County, Ohio.

6.     Plaintiff Catherine Morris is an individual, a United States citizen, and a resident of the state of Ohio.  Plaintiff Campbell resides in Franklin County, Ohio.

7.     Defendant Premierfirst Home Health Care Inc. is an Ohio Corporation registered to do business in Ohio and conducting business in the Southern District of Ohio.

8.     At all times relevant herein, the Named Plaintiffs were employees of Defendant as defined by the FLSA and O.R.C. Chapter 4111.

9.     Named Plaintiffs bring this action on their own behalf and on behalf of those similarly situated, and each Named Plaintiff has given written consent to bring this action to collect unpaid overtime wages under the FLSA. The consents are being filed along with the Complaint pursuant to 29 U.S.C. § 216(b).  (Attached as Exhibit A).

10.     Defendant is and has been Plaintiffs' "employer" as that term is defined by the FLSA and O.R.C. Chapter 4111.

11.     At all times relevant to this action, Defendant has been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA.

12.     Upon information and belief, Defendant's employees were engaged in interstate commerce and Defendant has annual gross volume sales and/or business in an amount not less than $500,000.00 during each the three years preceding this Complaint.

## FACTUAL BACKGROUND

13.     Defendant Premierfirst Home Health Care Inc. is in the business of providing home healthcare services.

14.     Defendant operates out of two business offices: one in Columbus, Ohio and the other in Dayton, Ohio.

15.     Defendant employs Home Health Aides, which includes Plaintiffs, at both locations who provide home healthcare services to Defendant's clients in their homes.

16.     Upon information and belief, Defendant employs more than 60 Home Health Aides at any given time.

17.     Plaintiff Sahara Campbell is currently employed by Defendant as a Home Health Aide.

18.     Plaintiff Campbell was employed with Defendant between approximately 2013 and July 2020, and again between approximately March 2021 and the present.

19.     Plaintiff Catherine Morris is currently employed by Defendant as a Home Health Aide.

20.     Plaintiff Morris began her employment with Defendant in or around August 2018.

21. At all times relevant herein, Home Health Aides, including Named Plaintiffs, were paid on an hourly basis.

22. Home Health Aides are not exempt from the overtime mandates of the FLSA and Ohio law.

23. Home Health Aides consistently worked more than 40 hours per workweek within the three years prior to filing this Complaint.

24. At all times relevant herein, Home Health Aides were not paid overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 in a workweek.

25. Instead, Home Health Aides, including Named Plaintiffs, were paid their regular hourly rate for these hours worked ("straight time").

26. Additionally, Home Health Aides are often required to drive between different clients' homes within a single shift.

27. The time spent traveling within a single shift varies, depending on the number of clients Home Health Aides are servicing and the distance between the clients' homes.

28. However, Home Health Aides are not paid—at any rate—for their time spent traveling between clients' homes within a single shift.

29. On numerous occasions, Plaintiff Campbell has complained to Defendant that she is not receiving an overtime premium when she worked more than 40 hours in a week.

30. Plaintiff Campbell's complaints have been ignored, and Defendant continues to violate the law.

31. Defendant willfully refused to pay Home Health Aides, including Named Plaintiffs in accordance with the law.

**COUNT I**
**FLSA Collective Action, 29 U.S.C. §201, *et seq.* -**
**Failure to Pay Overtime**

32.      All of the preceding paragraphs are realleged as if fully rewritten herein.

33.      Named Plaintiffs bring their FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of themselves and all other Similarly Situated Persons ("SSPs") of the opt-in class, which includes the following subclass:

> **All current and former Home Health Aides employed by Defendant during the three (3) years prior to the date of filing this Complaint through the date of conditional certification, who worked more than 40 total hours in any workweek, inclusive of time spent traveling between clients (hereinafter referred to as "FLSA Class").**

34.      Defendant subjected Named Plaintiffs and the FLSA Class Members to the same pay policies and procedures by failing to pay them overtime at a rate of one and one-half times their regular rates of pay for all hours worked in excess of 40 during a workweek.

35.      This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA.  Named Plaintiffs are representative of all SSPs and are acting on behalf of others' interests as well as their own in bringing this action.

36.      These SSPs are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

37.      In addition to the Named Plaintiffs, numerous putative FLSA Class Members have been denied proper overtime compensation due to Defendant's company-wide refusal to pay an

overtime premium for hours worked in excess of 40 per week and failing to pay for compensable time spent traveling between clients.

38.     Named Plaintiffs and the SSPs were paid on an hourly basis.

39.     Named Plaintiffs and the SSPs were non-exempt employees.

40.     Named Plaintiffs and the SSPs frequently worked more than 40 hours per week.

41.     Named Plaintiffs and the SSPs were not paid an overtime premium for all hours worked in excess of 40 in each workweek. Instead, they were paid their regular hourly rate—i.e. "straight time."

42.     Named Plaintiffs and the SSPs were not paid for compensable time spent traveling between clients.

43.     Defendant was aware that Named Plaintiffs and the SSPs regularly worked more than 40 hours per workweek but were not receiving overtime compensation at a rate of one and one-half times their regular rate of pay for hours worked in excess of 40 per week.

44.     Defendant's violation of the FLSA was willful, as Defendant knew or demonstrated reckless disregard as to whether it was required to pay Named Plaintiffs and the SSPs at an overtime premium for all hours worked in a workweek in excess of 40.

45.     Accordingly, Named Plaintiffs and the SSPs were forced to work more than 40 hours per week without proper overtime compensation.  As a result, Plaintiffs and the SSPs have been damaged.

## COUNT II
### Class Action, Fed. R. Civ. P. 23; OMFWSA R.C. 4111, *et seq*. - Failure to Pay Overtime

46.     All of the preceding paragraphs are realleged as if fully rewritten herein.

6

47. Named Plaintiffs bring this Ohio Minimum Fair Wage Standards Act ("MFWSA") claim pursuant to Fed. R. Civ. P. 23 as a class action on behalf of themselves and all other members of the following "Class":

> **All current and former Home Health Aides employed by Defendant during the two (2) years prior to the date of filing this Complaint through the date of class certification, who worked more than 40 total hours in any workweek, inclusive of time spent traveling between clients (hereinafter referred to as "Rule 23 Class").**

48. Defendant subjected Named Plaintiffs and the Rule 23 Class Members to the same pay policies and procedures by failing to pay them overtime at a rate of one and one-half times their regular rates of pay for all hours worked in excess of 40 during a workweek.

49. The Rule 23 Class, as defined above, is so numerous such that joinder of all members is impracticable. Upon information and belief, the Rule 23 Class consists of more than 50 current and former employees.

50. Named Plaintiffs are members of the Rule 23 Class and their claim for unpaid overtime wages is typical of the claims of other members of the Class.

51. Named Plaintiffs will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

52. Named Plaintiffs have no interest antagonistic to or in conflict with interests of the Class that they are undertaking to represent.

53. Named Plaintiffs have retained competent and experienced class action counsel who can ably represent the interests of the Rule 23 Class.

54. Questions of law and fact are common to the class, including:

    a.   Whether Defendant violated the OMFWSA by failing to compensate, at an overtime premium, its Home Health Aides for all hours worked in a workweek in excess of 40.

    b.   Whether Defendant violated the OMFWSA by failing to compensate its Home Health Aides for travel time between clients.

    c.   Whether Defendant established its payroll policy, knowing the policy violated the law and failed to compensate Home Health Aides for all hours worked in a workweek in excess of 40 at an overtime premium;

    d.   Whether Defendant's violations were knowing and willful;

    e.   What amount of unpaid overtime compensation is owed to Named Plaintiffs and the other members of the Rule 23 Class as a result of Defendant's violation of the OMFWSA; and

    f.   What amount of prejudgment interest is owed to the Rule 23 Class members on their unpaid overtime compensation, which was unlawfully withheld.

55.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its Home Health Aides.

56.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiffs and the Rule 23 Class as a whole.

57.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law or fact common to class members predominate over any questions affecting only individual members.

58. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiffs' claim and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Named Plaintiffs and their counsel are not aware of any pending litigation on behalf of any the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. In addition, individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to their unpaid employees. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

59. For Defendant's violation of O.R.C. 4111, Named Plaintiffs are entitled to recover unpaid wages, an amount equal to the unpaid wages as liquidated damages, attorneys' fees and costs, and all other remedies available under Ohio law.

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiffs are entitled to and pray for the following relief:

A. As to Count I, certification as a collective action to all SSPs and appointment of Named Plaintiffs and their counsel to represent the FLSA Class; enter an order directing Defendant to pay into a common fund for the benefit of Named Plaintiffs and all other members of the FLSA Class the total amount of damages to which Named Plaintiffs and the class are entitled, including unpaid overtime, liquidated damages, pre-judgment and post-judgment interest, costs and expenses of the litigation and administration of the common fund, and attorney's fees; injunctive

relief for Defendant to cease violations of the FLSA; and such other or additional

relief deemed appropriate by the Court and available under the FLSA.

B. As to Count II, enter an order certifying that this action may be maintained as a

class action pursuant to Fed. R. Civ. P. 23 and designating the Named Plaintiffs as

the Rule 23 Class Representatives, enter an order directing Defendant to pay into a

common fund for the benefit of Named Plaintiffs and all other members of the Rule

23 Class the total amount of damages to which Named Plaintiffs and the Rule 23

Class is entitled, including unpaid overtime, liquidated damages, pre-judgment and

post-judgment interest, costs of the litigation and administration of the common

fund, and attorneys' fees, injunctive relief for Defendant to cease violations of the

Ohio Minimum Fair Wage Standards Act, and such other or additional relief

deemed appropriate by the Court.

C. Such other legal and equitable relief as this Court deems appropriate.


Respectfully submitted,


/s/ *Carrie J. Dyer* __ _____
Carrie J. Dyer (0090539)
(Carrie@MansellLawLLC.com)
Greg R. Mansell (0085197)
(Greg@MansellLawLLC.com*)*
Rebecca L. Hill (0100972)
(Rebecca@MansellLawLLC.com
**Mansell Law, LLC**
1457 S. High St.
Columbus, OH 43207
Ph: 614-610-4134
Fax: 614-547-3614
*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby requests a jury of at least eight (8) persons.

/s/ *Carrie J. Dyer*
Carrie J. Dyer (0090539)
