IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SAHARA CAMPBELL, et al.,

      Plaintiffs,

  v.                            Civil Action 2:22-cv-199
                               Chief Judge Algenon L. Marbley
                               Magistrate Judge Jolson

PREMIERFIRST HOME HEALTH
CARE INC.,

      Defendant.

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Leave to Amend Complaint (Doc. 30) and the parties' Joint Motion to Stay (Doc. 35). For the following reasons, both Motions are **GRANTED**. The Clerk is **DIRECTED** to docket Doc. 30-1 as the Amended Complaint in this matter. The remaining case deadlines are **STAYED**. The parties are **ORDERED** to submit a proposed revised case schedule within fourteen days of the Court's ruling on their Joint Motion for Approval of Joint Stipulation of Conditional Class Certification (Doc. 19).

**I.    BACKGROUND**

Plaintiffs allege, on behalf of themselves and others similarly situated, that their former employer, Defendant Premierfirst Home Health Care Inc. ("Premierfirst"), failed to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA") and the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111.

On October 14, 2022, the parties engaged in mediation. Plaintiffs say that information disclosed at the mediation made them concerned about Premierfirst's financial stability. (Doc. 30

at 3). Within two weeks, on October 28, 2022, Plaintiffs sent an interrogatory asking Premierfirst to identify its ownership. (Doc. 30 at 4). That same day, Plaintiffs filed a motion to amend the case schedule. (Doc. 26). Defendant agreed to the extension of several deadlines but opposed Plaintiffs' request to extend the deadline for amending or joining parties, which had elapsed months prior. (*Id.*).

On November 15, 2022, the Court granted the agreed extensions but denied the extension of the deadline for amending or joining parties, noting that Plaintiffs would need to separately move and show good cause under Rule 16(b)(4) if they wished to amend their pleading. (Doc. 29). On November 28, 2022, Plaintiffs received Premierfirst's interrogatory response, identifying its owners as Abdillahi Yusuf and Ryan Doyle (the "Proposed Defendants"). (Doc. 30-3 at 3). A few days later, on December 6, 2022, Plaintiffs filed the instant Motion to amend their complaint and join the Proposed Defendants to this action. (Doc. 30). The Motion is now fully briefed (Docs. 32, 33) and ripe for consideration.

**II.    STANDARD**

Two federal rules govern Plaintiffs' Motion. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that when a party seeks leave of court to file an amended pleading, "[t]he court should freely give leave when justice so requires." This rule, which allows a liberal policy in favor of granting amendments, "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). Thus, the trial court enjoys broad discretion in deciding motions for leave to amend. *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated

failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962).

Because Plaintiffs moved to amend after the Court's amendment deadline (Doc. 13), they "must meet the higher threshold for modifying a scheduling order found in Rule 16(b)." *Shane v. Bunzl Distrib. USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008). This means Plaintiffs must "show good cause under Rule 16(b) for the failure to seek leave to amend prior to the expiration of the deadline before [the Court] will consider whether the amendment is proper under Rule 15(a)." *Hill v. Banks*, 85 F. App'x 432, 433 (6th Cir. 2003). "[T]he touchstone of the good cause inquiry under Rule 16(b) is whether the moving party acted diligently in attempting to meet the deadline set forth in the pretrial order." *Permasteelisa CS Corp. v. Airolite Co.*, LLC, No. 2:06-cv-0569, 2007 WL 1683668, at *2 (S.D. Ohio June 8, 2007).

### III. DISCUSSION

#### A. Amendment: Rule 16(b)

In evaluating good cause under Rule 16(b), diligence is key. *Cooke v. AT&T Corp.*, No. 2:05-cv-374, 2007 WL 188568, at *2 (S.D. Ohio Jan. 22, 2007); *see also E.E.O.C. v. U-Haul Int'l, Inc.*, 286 F.R.D. 322, 325 (W.D. Tenn. 2012) (noting that whether movant was "diligen[t] in attempting to meet the requirements of the scheduling order is the primary measure of Rule 16(b)'s 'good cause' standard"). Even late in discovery, a moving party may still be found to have acted diligently when the factual basis supporting an amendment is not disclosed until after the deadline set in the scheduling order. *Cooke*, 2007 WL 188568, at *2. Plaintiffs have shown good cause here.

3

Plaintiffs say they have demonstrated the "good cause" required under Rule 16(b) because the factual basis supporting their proposed amendment was not disclosed until after the deadline to amend. Specifically, they say the factual basis supporting the proposed amendment is Premierfirst's potential financial instability, of which they did not learn until the October 14, 2022 mediation. Shortly thereafter, Plaintiffs tried to preserve their right to amend by requesting an extension of the deadline on October 28, 2022. That attempt was unsuccessful, however, because they failed to show good cause as required by Rule 16(b). (*See* Doc. 29). And, indeed, though they suspected they would need to join solvent defendants to the action, they had not yet received responses to their interrogatory (sent that same day) asking Defendant to identify its ownership. So they were not yet sure whom to join. Once Plaintiffs received a response to their interrogatory—on November 28, 2022—they quickly filed the present Motion. In other words, Plaintiffs have shown diligence in seeking amendment as they have acquired new information.

Defendant focuses largely on Plaintiffs' purported lack of diligence in using discovery to identify all persons and entities who may be classified as "employers" under the FLSA. (Doc. 23). However, neither the FLSA nor the Federal Rules of Civil Procedure compel Plaintiffs to identify and join as defendants every individual and entity who may be deemed an employer. Said differently, just because Plaintiffs can sue any "employer" as defined under the FLSA does not mean that they must do so, nor that their failure to do so early in discovery necessarily implies a lack of diligence. Plaintiffs had no need to join the Proposed Defendants until they learned that they might have difficulty recovering against Defendant.

Finally, the Court is not persuaded that Defendant will be prejudiced by amendment. The Proposed Defendants are the joint and sole owners of Premierfirst. (Doc. 30-3 at 3) (showing that Yusuf owns 51% of the company, and Doyle owns 49%). Joining two owners as Defendants to

4

this action, in addition to the company itself, will not change the underlying factual considerations of this case: namely, whether the company properly compensated its employees for their time worked. Indeed, the proposed amended complaint does not add any new claims, it simply joins the Proposed Defendants. The addition of the Proposed Defendants is therefore unlikely to have a significant effect on the scope of discovery. As such, the danger of delay and prejudice is low.

Thus, pursuant to its "broad discretion in deciding motions for leave to amend," the Court finds that Plaintiffs have exercised diligence in attempting to adhere to this Court's case schedule and fulfilled Rule 16(b)'s good cause requirement.

B. *Amendment: Rule 15(a)*

Plaintiffs have also satisfied the standard set out in Rule 15(a). The Court finds no evidence of bad faith, dilatory motive, futility, or repeated failure to cure. And, as previously stated, the Court does not find that the amendment will unduly prejudice Defendant. Because Plaintiffs have satisfied the standards set out in both Rules 15 and 16, Plaintiffs' Motion to Amend (Doc. 30) is **GRANTED**.

C. *Stay*

Finally, the parties request a stay of case deadlines until the Court's ruling on the instant Motion to Amend (Doc. 30) and their Joint Motion for Approval of Joint Stipulation of Conditional Class Certification (Doc. 19). They indicate that deferring certain discovery until after the Court's rulings will aid them in avoiding duplicative discovery if and when additional Defendants and opt-in Plaintiffs are joined to this case. For good cause shown, the Joint Motion to Stay (Doc. 35) is **GRANTED** and the remaining case deadlines are **STAYED**. The parties are **ORDERED** to submit a proposed revised case schedule within fourteen days of the Court's ruling on their Joint Motion for Approval of Joint Stipulation of Conditional Class Certification (Doc. 19).

## IV. CONCLUSION

For the foregoing reasons, the Motions (Docs. 30, 35) are **GRANTED**. The Clerk is **DIRECTED** to docket Doc. 30-1 as the Amended Complaint in this matter. The remaining case deadlines are **STAYED**. The parties are **ORDERED** to submit a proposed revised case schedule within fourteen days of the Court's ruling on their Joint Motion for Approval of Joint Stipulation of Conditional Class Certification (Doc. 19).

IT IS SO ORDERED.


Date: February 9, 2023               /s/ Kimberly A. Jolson
                                     KIMBERLY A. JOLSON
                                     UNITED STATES MAGISTRATE JUDGE