IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CAMPBELL, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Civil Action 2:22-cv-00199 |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | Magistrate Judge Kimberly A. Jolson |
| PREMIERFIRST HOME HEALTH CARE INC., *et al.* | : | |
| | : | |
| Defendant. | : | |

**OPINION & ORDER**

The matter comes before this Court on the parties' Motion for Approval of Joint Stipulation of Conditional Class Certification. (ECF No. 19). For the following reasons, this Motion is **GRANTED**.

**I. BACKGROUND**

On January 20, 2022, named Plaintiffs Sahara Campbell and Catherine Morris (hereinafter "Named Plaintiffs") filed a Collective Action Complaint against Defendant PremierFirst Home Health Care, Inc., (hereinafter "PremierFirst") alleging the company failed to pay Named Plaintiffs and numerous other home health aides employed by PremierFirst, the federally mandated overtime compensation rate for the time worked in excess of 40 hours in one work week. (ECF No. 1, ¶ 9). The action is brought pursuant to the Fair Labor Standards Act 29 § U.S.C. 201, *et seq*. and the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111. *Id.* Named Plaintiffs seek to collect unpaid overtime wages under the FLSA. (ECF No. 1, ¶ 1). Pursuant to U.S.C.§ 216(b), the parties filed a joint motion seeking to certify conditionally a collective action and approve the proposed Notice of Collective Action and Consent Form on May

1

13, 2022. (ECF No. 19). Plaintiff has provided this Court a Proposed Notice of Right and Consent Form along with a Proposed Reminder Email. (ECF Nos. 19-1; 19-2). On February 9, 2023, Plaintiffs filed an Amended Complaint adding Ryan Doyle and Abdillahi Yusuf, the shareholders of Defendant Premier, as Defendants. (ECF No. 37). On February 24, 2023, this Court ordered Defendants Doyle and Yusuf to notify this Court within 7 days whether they oppose the existing Motion for Approval of Joint Stipulation of Conditional Class Certification. (ECF No. 41). The Defendants have not responded; therefore, this matter is ripe for review.

## II. STANDARD OF REVIEW

In determining whether a suit should be properly continued as a collective action the court must decide whether the prospective opt in clients are "similarly situated" for the purposes of the FLSA requirements. *Comer v. Wal-Mart Stores Inc.,* 454 F. 3d 544, 546 (6th Cir. 2006). Courts in the Sixth Circuit generally implement a two-stage certification process to determine whether a proposed group of plaintiffs are "similarly situated" such that a collective action classification is appropriate. *Taylor v. Pilot Corp.,* 697 Fed. App'x. 854, 857 (6th Cir. 2017). The first stage can potentially result in conditional certification which is also referred to as the "Notice Stage." *Harrison v. McDonald Corp.*, 411 F. Supp. 2d. 862, 868 (S.D. Ohio 2005). Courts implement a fairly lenient standard requiring only a "modest factual showing" that the plaintiff's positions are similar to those of other employees. *Comer*, 454 F.3d at 547. In the "notice stage" there is a heavy focus on determining whether plausible grounds for the claims are present. *Id.* The district court may use its discretion when authorizing notification of similarly situated employees. *Hoffmann–La Roche, Inc. v. Sperling,* 493 U.S. 165, 167–68(1989). The plaintiff must only show that his position is similar, not identical to the positions held by the putative class members." *Pritchard v. Dent Wizard Int'l Corp.,* 210 F.R.D. 591, 594 (S.D. Ohio 2002). The second stage is a stringent

review conducted after discovery has been completed and all opt-in notices have been received. *Carr v. Austin Powder Co.,* No. 2:21-CV-5140, 2022 WL 11620949, at *2 (S.D. Ohio Sept. 30, 2022). A court will consider all evidence in conjunction with the demographic data of the putative opt-in plaintiffs, to determine whether the assembled class is sufficiently "similarly situated" to continue as a collective action or whether the putative class should be "decertified." *Id.*

### III. ANALYSIS

This case is in the initial step of the two-stage process. This Court must determine whether the putative parties are similarly situated to the Named Plaintiffs. *Taylor v. Pilot Corp.,* 697 Fed. App'x at 857. This Court finds that Plaintiffs have pled sufficient facts demonstrating other home health aides were not compensated for their overtime work. (ECF. No. 1, ¶ 24). Named Plaintiffs allege under all relevant times all home health aides employed by PremierFirst were not compensated at a rate of one and one-half time their regular rate of pay for all hours worked more than 40 hours. *Id.* All opt-in members of the collective class were employed by PremierFirst as a Home Health Aid during the three-year period prior to the Complaint. (ECF. No. 1, ¶ 36). The shared experience of not receiving overtime compensation satisfies a "modest factual showing" that employees are similarly situated. *Comer,* 454 F. 3d at 546. Named Plaintiffs have demonstrated a colorable basis for their claim that a class of similarly situated individuals exists. Therefore, this Court finds the granting of condition classification certification appropriate.

### IV. CONCLUSION

Accordingly, for good cause shown, this Court **GRANTS** parties' Joint Motion, and conditionally certifies the following collective action:

> All current and former hourly employees who performed home health aid services for Defendant between January 20, 2019 and March 13, 2023, who worked more than 37.5 total hours in any workweek.

This Court **APPROVES** the form and substance of the proposed Notice of Right and the Consent to Join form ("Notice Packet") and Reminder email. (ECF Nos. 19-1; 19-2; 19-3). The Court authorizes the Notice Packet to be sent to putative members of the collective action and authorizes a **45-day** "Notice Period" for individuals to return the Consent Forms. Plaintiff's Counsel shall also email the court-approved Notice packet to the putative collective class on the same day the Notice is mailed and shall send a Reminder Notice email to the putative collective action members who have not yet responded within **30 days** of sending the Notice Packet.

The Court further **ORDERS** PremierFirst to provide to Named Plaintiffs within **21 days** of this order: full name, last known mailing address, last known email address, dates of birth, employee ID numbers, dates of employment as home health aides, and PremierFirst location (Columbus or Dayton) for all home health aides who worked for Defendants from January 20, 2019 to present. During the Notice Period, Plaintiffs' Counsel shall only use this information to communicate with putative class members as described herein. Plaintiffs' Counsel shall send to putative class members the Notice Packet by mail within **14 days** of receiving the contact information and verify the date of postmark with Defendant's Counsel.

Plaintiff's Counsel may call the potential opt-in plaintiff if their Notice Packet is returned to obtain their current mailing address. If any Notice is returned as undeliverable, one of the following actions shall occur: (1) If the individual is a current employee, PremierFirst shall verify the individual's correct home address and Plaintiffs' Counsel shall resend the Notice within **5 business days**; or (2) if the individual is a former employee, Plaintiffs' Counsel shall perform a skip-trace search and resend the Notice to the most recent additional and different mailing address found, if applicable, within **5 business days**. For such persons, the Notice Period will be extended an additional **14 days** after the second Notice was sent. The second Notice will be updated to

reflect this Extended Notice Period. If any problems arise and the parties are unable to reach agreement, the parties shall return to this Court for guidance.

Within **10 days** after the close of the Notice Period and all Extended Notice Periods, the Parties shall schedule a status conference with this Court to advise this Court of the participation of members in the collective action and future scheduling.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES CHIEF DISTRICT JUDGE**

**DATED:  March 13, 2023**