IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **SAHARA CAMPBELL, et al.,** | : | |
| **Plaintiffs,** | : | Case No.: 2:22-cv-199 |
| v. | : | **Judge Algenon L. Marbley** |
| | : | **Magistrate Judge Kimberly A. Jolson** |
| **PREMIERFIRST HOME HEALTH CARE INC.,** | : | |
| **Defendant.** | : | |

## REPORT AND RECOMMENDATION

This matter is before the Court on the parties' Joint Status Report on Non-Responding Opt-In Plaintiffs. (Doc. 72). On January 8, 2024, the Court held a status conference to discuss several Opt-In Plaintiffs who were not communicating with Plaintiffs' counsel or fulfilling their discovery obligations. (*See* Doc. 68 at 1–2). After the status conference, the Court ordered the non-responding Opt-In Plaintiffs to re-engage with counsel within twenty-one days of the Court's order or risk being dismissed from this action. (*Id.* at 2–3). On January 31, 2024, Plaintiffs' counsel filed a status report, informing the Court that one of the Opt-In Plaintiffs had contacted counsel and fulfilled Defendant's discovery requests. (Doc. 69).

Then, on February 2, 2024, this Court issued a show cause order for Opt-In Plaintiffs Arnold, Byrd, Dewberry, Kerg, Nelson, and Wade, who had not re-engaged with counsel as ordered. (Doc. 70). Again, the Court warned these individuals that they would be dismissed from this action for failure to prosecute if they did not contact Plaintiffs' counsel and provide discovery responses to Defendant. (*Id.*). Over a month later, these Opt-In Plaintiffs have not responded to the Court's order, have not contacted their counsel, and have not re-engaged in discovery. (*See*

1

Docs. 71, 72).  Accordingly, the Undersigned **RECOMMENDS** that Opt-In Plaintiffs Arnold, Byrd, Dewberry, Kerg, Nelson, and Wade be **DISMISSED** from this case for failing to prosecute.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


Date: March 5, 2024　　　　　　　　　　　　/s/ Kimberly A. Jolson
　　　　　　　　　　　　　　　　　　　　　KIMBERLY A. JOLSON
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE