**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| SAHARA CAMPBELL, *et al.,* for themselves and others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) Case No. 2:22-cv-00199 |
| vs. | ) ) ) Magistrate Judge Kimberly A. Jolson |
| PREMIERFIRST HOME HEALTH CARE, INC., *et al.*, | ) ) ) |
| Defendants. | ) ) |

**PLAINTIFFS' MOTION FOR ORDER OF FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

Now come Sahara Campbell and Catherine Morris ("Representatives Plaintiffs"), by and through counsel, and move the Court for entry of an Order of Final Approval of the Class Action Settlement pursuant to FED. R. CIV. P. 23. Detailed information in support of this request is set forth in the accompanying Memorandum.

Respectfully submitted,

*/s/ Carrie J. Dyer*
Carrie J. Dyer (0090539)
(*Carrie@MansellLawLLC.com*)
Greg R. Mansell (0085197)
(*Greg@MansellLawLLC.com*)
Rhiannon M. Herbert (0098737)
(*Rhiannon@MansellLawLLC.com)*
**Mansell Law, LLC**
1457 S. High St.,
Columbus, OH 43027
Ph: (614) 610-9899
Fax: (614) 547-3614

**MEMORANDUM IN SUPPORT OF MOTION FOR ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**I.     INTRODUCTION**

The detailed background and procedural history of this matter are set forth in Plaintiffs' Unopposed Motion for Order Preliminarily Approving the Class and Collective Action Settlement (Doc. No. 97), which is incorporated herein by reference.

On October 29, 2024, this Court granted the aforementioned Motion and set a Final Approval Hearing for January 14, 2025. (Doc. No. 98)  Specifically, the Court preliminarily approved the Class Action settlement and issued a final approval of the settlement of the claims of the FLSA Collective Members. (Doc. No. 98, ¶2)  Notice was timely sent out pursuant to the terms of the Parties' Settlement Agreement (Doc. No. 97-1) and this Court's Order (Doc. No. 98).  The claim submission period has now closed and the matter is ripe for Final Approval.

Plaintiffs respectfully submit that the Parties' proposed settlement is a fair, reasonable, and an adequate resolution of this litigation.  As such, Plaintiffs ask that this Court enter an Order as set forth in the Proposed Order Granting Final Approval of the Settlement, attached hereto as Exhibit A.

**II.    FACTUAL BACKGROUND SINCE PRELIMINARY APPROVAL**

On October 23, 2024, Plaintiffs filed an Unopposed Motion for an Order Preliminarily Approving the Class Action Settlement. (Doc. No. 97) On October 29, 2024, this Court granted the Motion, issuing an order preliminarily approving the settlement as to Class Members, and issuing a final approval of the settlement of the claims of FLSA Collective Members. (Doc. No. 98) The Court preliminarily certified a Rule 23 class and directed that notice be sent to the putative class.  (Id.)

On November 4, 2024, Plaintiffs' counsel provided the Claims Administrator with a list of the names and last known addresses for the putative Rule 23 Class Members. (Declaration of Carrie J. Dyer, ("Dyer Dec.") attached as Exhibit B, ¶5) On November 12, 2024, the Claims Administrator mailed the Court approved Notice and Claim Forms to the putative class members (excluding the FLSA Collective Plaintiffs who have already opted-into this Action). (Declaration of Emilio Cofinco of CPT Group, Inc. regarding Claims Notification and Claims Administration ("Cofinco Dec."), ¶7, attached as Exhibit C)

The putative Class Members had thirty (30) calendar days from November 12, 2024 to return a signed copy of the Claim Form to the Claims Administrator. (Settlement Agreement, Doc. No. 97-1, ¶40) At the close of the period, fifteen (15) individuals returned a valid Claim Form—an opt-in rate of 6.28%. (Cofinco Dec. ¶13; Dyer Dec. ¶6) Notably, no Class Members objected to or opted out of the proposed settlement. (Cofinco Dec. ¶11-12)

Accordingly, a total of sixty (60) individuals will receive a payment under the Settlement Agreement. This includes the two Representative Plaintiffs, the individuals who have already opted-in to this Action by returning a consent to join the lawsuit pursuant to the Court's March 13, 2023 Order granting conditional certification pursuant to 29 U.S.C. § 216(b)) (the "Collective Members"), and individuals who timely returned a Claim Form. (Settlement Agreement, ¶ 17; See also Dyer Dec., ¶8) Pursuant to the Parties' Settlement Agreement, Collective Members did not have to make an additional claim and shall be deemed to have made a claim to entitle them to Individual Settlement Payments. (Settlement Agreement, ¶40)

The Parties' settlement establishes a Maximum Settlement Fund of $350,000. (Settlement Agreement ¶42(a)) The portion of the Settlement Fund made available for payment of Individual Settlement Payments to the sixty (60) individuals is determined by subtracting the amounts payable

for Class Representative Enhancement Payments, Claims Administration Expenses, and Attorneys' Fees & Litigation Expenses. Pursuant to the Settlement Agreement and information from the Claims Administrator, the amounts are as follows:

| Class Representative Enhancement Payments | $10,000 | Settlement Agreement ¶43 |
|---|---|---|
| Claims Administration Expenses | $15,000.00 | Cofinco Dec. ¶14 |
| Attorneys' Fees | $116,667 | Settlement Agreement ¶44 |
| Litigation Expenses | $1,330.17 | Settlement Agreement ¶44 |

**From the total Settlement Fund, two hundred and seven thousand and two dollars and eighty-three cents ($207,002.83) is available for Individual Settlement Payments.** (Dyer Dec. ¶10) These Individual Settlement Payments will be distributed on a pro rata basis according to each individual's calculated damages as set forth in detail below. (Settlement Agreement (¶42))

### III. LAW AND ARGUMENT

#### A. Final Approval of the Settlement under Rule 23(e) is Appropriate.

Under Federal Rule of Civil Procedure 23(e), a class settlement must be "fair, reasonable, and adequate" under a seven-factor standard discussed below. *UAW v. General Motors Corp.,* 497 F.3d 615, 626, *citing*, *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich,* 720 F.2d 909, 922-923 (6th Cir.1983). The Sixth Circuit has recognized that "the law generally favors and encourages the settlement of class actions." *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981).

The seven factors used to evaluate class action settlements include:

(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW,* 497 F.3d at 626. As explained in detail in Plaintiff's Unopposed Motion for Preliminary Approval of the Settlement, the seven-factor standard supports final approval of the settlement in this case. (Doc. No. 97, PageID # 485 – 489) Moreover, the fact that the Claims Administrator received no objections to the settlement or requests to opt-out from the 223 putative class members also supports approval.

Now that the claim period has closed, Class Counsel has performed the requisite calculations to determine the final distribution of the settlement proceeds, which this Court can now evaluate and determine is fair, reasonable, and adequate.

    **B.**    **The Settlement Distributions are Fair, Reasonable, and Adequate.**

As part of the scrutiny it applies to a class and collective action settlement, "a court must ensure that the distribution of the settlement proceeds is equitable." *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499, *9 (E.D. Ky. Oct. 23, 2008), *citing*, *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 855 (1999). The Parties' settlement establishes a Maximum Settlement Fund of $350,000. The Settlement Fund represents the maximum amount available for payment of Individual Settlement Payments, Class Representative Enhancement Payments, Claims Administration Expenses, and Attorneys' Fees & Costs. (Settlement Agreement, ¶42(b)) As set forth below, the portion of the Settlement Fund made available for payment of Individual Settlement Payments was determined after subtracting the amounts payable for Class Representative Enhancement Payments, Claims Administration Expenses, and Attorneys' Fees & Costs.

    **a.**    *The Individual Payments are Reasonable and Adequate.*

From the total Settlement Fund, two hundred and seven thousand and two dollars and eighty-three cents ($207,002.83) is available for Individual Settlement Payments. (Dyer Dec. ¶10)

Those entitled to an Individual Settlement Payment include: (1) Representative Plaintiffs, (2) Collective Members who already opted-in to the lawsuit, and (3) Class Members who returned a valid Claim Form.

The Individual Settlement Payments will be distributed from the available funds on a pro rata basis based upon each individual's overtime damage calculations. These calculations were done by reviewing the individual's biweekly payroll records. For biweekly pay periods in which the individual worked at least 81 hours, Class Counsel calculated overtime owed during the applicable statute of limitations period.

For the Collective Members who opted in to this Action pursuant to this Court's March 13, 2023 Order granting conditional certification pursuant to 29 U.S.C. § 216(b), the applicable statute of limitations period utilized for damage calculations is three years: January 20, 2019 – April 23, 2022 (the approximate date on which Premierfirst began paying overtime at a rate of one and one-half times the regular rates of pay). (Settlement Agreement ¶42(c)(i)(A)) For the Rule 23 class members who timely submitted a Claim Form, the applicable statute of limitations period used for the damages calculations is two years: January 20, 2019 – January 20, 2022. (Settlement Agreement ¶42(c)(ii)).

Class Counsel completed the overtime calculations by subtracting the individual's total biweekly hours by 80, then multiplying that figure by 0.5 times the individual's regular rate of pay to determine the "half-time" overtime damages. (Dyer Dec. ¶12)

Attached to this Motion as Exhibit D is a spreadsheet containing the "half time" overtime damage calculations for each class member. Pursuant to the parties' Settlement Agreement, in the event that a class member does not have half-time overtime damages, they will receive a nominal settlement payment in the amount of fifty dollars ($50.00). (Settlement Agreement, ¶ 42(c)(i)(B))

Of the class members, 27 individuals had no half-time damages or had half-time damages totaling less than $50. Each of these class members will receive a $50 payment in exchange for a release of claims as described in the Settlement Agreement. After subtracting the $50 payments from the total funds available for the Individual Settlement Payments, the remaining funds to be distributed pro rata to the class members is $205,652.83 ($207,002.83 – ($50 * 27 class members)). Exhibit D also contains the pro rata calculations and amount each class member will receive.

This method ensured an equitable distribution of settlement proceeds that is directly tied to the claims of and harm allegedly suffered by the Class and will provide them with a proportionate share of the settlement funds. Each class member will receive approximately eighty-three percent (83%) of the total possible overtime damages to which they are allegedly entitled. (Dyer Dec. ¶13)

### b. *The Service Awards Sought are Reasonable.*

Additionally, Plaintiffs seek final approval from this Court of class representative enhancement payments to the Representative Plaintiffs. Service awards to representative plaintiffs recognizing the value of their services on behalf of other participants are proper. In this Circuit, service awards to representative plaintiffs are "typically justified when named plaintiffs expend more time and effort beyond that of other class members in assisting class counsel with litigation, such as by actively reviewing the case and advising counsel in prosecution of case." *In re Southern Ohio Correctional Facility*, 175 F.R.D. 270, 273-76 (S.D. Ohio 1997).

In the present case, Representative Plaintiffs Sahara Campbell and Catherine Morris seek a service award of $5,000 each. These individuals provided factual information to Class Counsel, faithfully communicated with Class Counsel, and subjected themselves to the responsibilities of serving as Representative Plaintiffs in a lawsuit against their employer. (Dyer Dec. ¶16).

Additionally, Representative Plaintiffs appeared at and participated during both lengthy mediations in this case. (Dyer Dec. ¶17).

Moreover, the proposed $5,000 service awards set forth in the agreement are within the range awarded by district courts in this Circuit and in wage and hour actions in other jurisdictions. *Swigart v. Fifth Third Bank*, 2014 U.S. Dist. LEXIS 94450, *20 (S.D. Ohio July 11, 2014)(approving "modest class representative award" requests of $10,000 to each of the class representatives in FLSA/Rule 23 hybrid action); *Abadeer v. Tyson*, 3:09-cv-00125, Dkt. 420 (M.D. Tenn. October 17, 2014) (approving service awards ranging from $500 to $11,500 for participating plaintiffs); *Bijoux v. Amerigroup N.Y., LLC*, 2016 U.S. Dist. LEXIS 68969, *4 (E.D.N.Y. May 12, 2016)(awarding service payments between $2,000 and $10,000 to participating plaintiffs); *Fosbinder-Bittorf v. SSM Health Care of Wisconsin, Inc.*, 2013 U.S. Dist. LEXIS 152087, *4 (W.D. Wis. Oct. 23, 2013)(approving service payments between $5,000 and $15,000 to named and participating plaintiffs in FLSA/Rule 23 hybrid action); *Hyun v. Ippudo USA Holdings*, 2016 U.S. Dist. LEXIS 39115, *6 (S.D.N.Y. Mar. 24, 2016)(service awards representing 5% of the settlement fund are "well within the range of service awards recently approved" in FLSA cases). Hence, the $5,000 service awards to the Representative Plaintiffs in this case are appropriate.

### c. *Claims Administration Costs are Reasonable.*

The Court approved CPT Group, Inc. as the Claims Administrator for purposes of this settlement. (Doc. No. 98, ¶8) The Parties were provided with an initial quote of $15,000 for settlement administration, and have confirmed that the final cost of the settlement administration is $15,000. (Cofinco Dec. ¶14) Plaintiffs submit that this cost is reasonable, and was among the lowest compared with the various quotes that Class Counsel obtained for this service. (Dyer Dec. ¶14) See *Myers v. Mem. Health Sys. Marietta Mem. Hosp.*, No. 15-CV-2956, 2022 U.S. Dist.

LEXIS 160987, at *20 (S.D. Ohio Sep. 6, 2022) (approving reimbursement of $25,000 for the cost of settlement administration, where the claims administrator prepared and mailed notices to putative class members, searched for alternative addresses, and mailed settlement checks to class members, among other things). A detailed invoice for CPT Group, Inc.'s services is attached to the Declaration of Mr. Cofinco.

### d. *Class Counsel's Request for Attorneys' Fees & Litigation Expenses (Forthcoming) is also Reasonable.*

Finally, Class Counsel will make a separate fee application to the Court, which will be paid by Defendants from the Settlement Fund and which Defendants do not oppose. (Dyer Dec. ¶15) Specifically, Class Counsel will make a fee application in an amount of One Hundred Sixteen Thousand, Six Hundred Sixty-Seven Dollars and No Cents ($116,667.00) for attorneys' fees and One Thousand, Three Hundred and Thirty Dollars and Seventeen Cents ($1,330.17) for litigation costs, for a total of One Hundred and Seventeen Thousand, Nine Hundred and Ninety-Seven Dollars and Seventeen Cents ($117,997.17). (Settlement Agreement, ¶44)

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court enter an Order as set forth in the attached Exhibit A.

Respectfully submitted,

*/s/ Carrie J. Dyer*
Carrie J. Dyer (0090539)
(*Carrie@MansellLawLLC.com*)
Greg R. Mansell (0085197)
(*Greg@MansellLawLLC.com*)
Rhiannon M. Herbert (0098737)
(*Rhiannon@MansellLawLLC.com)*
**Mansell Law, LLC**
1457 S. High St.,
Columbus, OH 43027
Ph: (614) 610-9899
Fax: (614) 547-3614

### **CERTIFICATE OF SERVICE**

  I hereby certify that on January 9, 2025 a copy of the foregoing motion and exhibits were filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

               */s/ Carrie J. Dyer*
               Carrie J. Dyer (0090539)