IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **SAHARA CAMPBELL**, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No.: 2:22-cv-199 |
| | : | |
| v. | : | |
| | : | |
| **PREMIERFIRST HOME HEALTH CARE INC.**, *et al.*, | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| | : | |
| Defendants. | : | |

### FINAL APPROVAL ORDER

WHEREAS Plaintiffs and Defendants entered into a Settlement Agreement (the "Settlement Agreement"), on October 17, 2024, to settle this class action and collective action lawsuit (the "Action"); and,

WHEREAS the Court entered an Order dated October 29, 2024 (the "Preliminary Approval Order"), preliminarily approving of the Settlement as to Class Members, approving the settlement of the claims of FLSA Collective Members, approving the manner and timing of providing notice to the Class Members, and approval of the time period for opt-outs and objections; and,

WHEREAS the Court held a Settlement Fairness Hearing on January 14, 2024, to determine whether to give final approval to the proposed settlement; and

WHEREAS the Court makes the following combined Findings of Fact and Conclusions of Law in support of approval of the proposed settlement;

NOW, THEREFORE, based on the submissions of the Parties, upon reviewing all prior proceedings, and on the evidence adduced at the Settlement Fairness Hearing, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.      <u>Incorporation of Other Documents</u>.  This Final Order Approving the parties' Class and Collective Action Settlement (the "Final Approval Order") incorporates herein the Settlement Agreement and all Exhibits to the Settlement Agreement.  Unless otherwise provided herein, all capitalized terms in this Final Approval Order shall have the same meaning as set forth in the Settlement Agreement.

2.      <u>Jurisdiction</u>.  Because adequate notice has been disseminated and all putative Class Members have been given the opportunity to opt-out of this Action, the Court has personal jurisdiction with respect to the claims of all Class Members.  The Court has subject-matter jurisdiction over the Action, including jurisdiction to approve the proposed settlement, grant final certification of the settlement, and dismiss the Action.

3.      <u>Final Class Certification</u>.  The Settlement Class is certified for settlement purposes only, the Court finding that the Settlement Class satisfies all applicable requirements of Section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, Fed. R. Civ. P. 23, and due process.  The Settlement Class consists of all current and former hourly employees who performed home health aide services for Premierfirst between January 20, 2019, and March 13, 2023, who worked more than 37.5 total hours in any workweek. Members of the Settlement Class who have not excluded themselves from the Action are referred to as Eligible Class Members. Representative Plaintiffs, Opt-Ins, and the members of the Settlement Class who submitted a proper, timely, and valid Claim Form are collectively referred to as Participating Class Members.

4.      <u>Adequacy of Representation</u>.  Carrie J. Dyer, Greg R. Mansell, and Rhiannon M. Herbert of the Mansell Law, LLC firm as Class Counsel have fully and adequately represented the Class for purposes of entering into and implementing the settlement and have satisfied the requirements of Fed. R. Civ. P. 23.

5. <u>Class Notice</u>. The Court finds that the Class Notices and their distribution to putative Class Members have been implemented pursuant to the Settlement Agreement and this Court's Preliminary Approval Order and that they:

    a) constitute the best practicable notice to Class Members under the circumstances of the Action;

    b) constitute notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action; (ii) the terms and conditions of the settlement and their rights under the settlement, (iii) their right to exclude themselves from the Class and the proposed settlement; (iv) their right to object to any aspect of the proposed settlement (including final certification of the Class, the fairness, reasonableness and adequacy of the proposed settlement, the adequacy of the Class's representation by the Representative Plaintiffs and Class Counsel, and/or the award of attorneys' fees and costs and the Enhancement Payment to the Representative Plaintiffs), (v) their right to appear at the Settlement Fairness Hearing, either on their own behalf or through counsel hired at their own expense, if they did not exclude themselves from the Class, and (vi) the binding effect of the Orders and Judgment in the Action, whether favorable or unfavorable, on all persons who do not request exclusion from the Class;

    c) constitute notice that was reasonable, adequate, and sufficient notice to all persons entitled to be provided with notice;

    d) constitute notice that fully satisfied the requirements of Fed. R. Civ. P. 23 and due process; and

    e) this settlement will have no binding effect upon, and provide no *res judicata* preclusion to, and only to, those individuals who opted-out.

6.        <u>Final Settlement Approval</u>.  The terms and provisions of the Settlement Agreement have been entered into in good faith and are the product of arms-length negotiations by experienced counsel who have done a meaningful investigation of the claims in the dispute.  No person objected to the Settlement Agreement.  The Settlement Agreement and all of its terms are fully and finally approved as fair, reasonable, and adequate, and in the best interests of each of the Parties and the Class.  The Parties are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

7.        <u>Binding Effect</u>.  The terms of the Settlement Agreement, this Final Approval Order, and the accompanying Final Judgment are binding on the Eligible Class Members, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in the Action and are encompassed by the Releases set forth in the Settlement Agreement.

8.        <u>Releases</u>.  The Eligible Class Members shall be bound by the Release of Settled Claims provided in the Settlement Agreement, which is incorporated herein in all respects, regardless of whether such persons received any compensation under the Settlement Agreement. The Release of Settled Claims is effective as of the date of this Final Approval Order and the accompanying Final Judgment.  The Court expressly adopts all defined terms in the Settlement Agreement and the Release of Settled Claims, including the following definition of Settled Claims:

> Any and all charges, claims, causes of action, actions, lawsuits, demands, demands for arbitration, complaints, liabilities, obligations, promises, agreements, rights, and controversies of any kind, whether known or unknown, for any remedies whatsoever, including monetary relief, injunctive relief, declaratory relief, equitable relief, damages, special damages, liquidated damages, wages, compensation, benefits, restitution, disgorgement, attorneys' fees, costs, expenses,

losses, debts, interest, penalties, civil penalties, and fines, whether direct or indirect, whether under federal law or the law of any state, whether suspected or unsuspected, which any Collective or Class Member has had, now has, or may have in the future against the Released Parties for any act occurring on or before the date on which preliminary approval is granted relating to the payment of wages, hours worked, or based on the facts that were or reasonably could have been alleged in the Litigation, including, but not limited to, claims relating to wages, compensation, work performed off-the-clock, regular rate calculations, hours worked, payments for hours worked, payments for travel time, and all claims under the Fair Labor Standards Act and Ohio Minimum Fair Wage Standards Act during the Released Claim Period.

9. <u>Enforcement of Settlement</u>. Nothing in this Final Approval Order or the accompanying Final Judgment shall preclude any action to enforce the terms of the Settlement Agreement.

10. <u>Attorneys' Fees and Expenses</u>. Class Counsel are hereby awarded One Hundred Sixteen Thousand, Six Hundred Sixty-Seven Dollars and No Cents ($116,667.00) for attorneys' fees and One Thousand, Three Hundred and Thirty Dollars and Seventeen Cents ($1,330.17) for litigation costs, for a total of One Hundred and Seventeen Thousand, Nine Hundred and Ninety-Seven Dollars and Seventeen Cents ($117,997.17). Such fees and expenses are to be paid pursuant to the conditions set forth in the Settlement Agreement.

11. <u>Representative Plaintiffs Enhancement Payment</u>. The Court finds that Enhancement Payments to each of the Representative Plaintiffs in the amount of Five Thousand Dollars ($5,000) for service and assistance to the Settlement Class in the Action, are reasonable and appropriate. Such Enhancement Payments are to be paid pursuant to the conditions set forth in the Settlement Agreement.

12. <u>Settlement Administration Costs</u>. The Court finds that Settlement Administration Costs in the amount of $15,000.00, to be paid by Defendants to the Claims Administrator from the Settlement Funds, are reasonable and appropriate. Settlement Administration Costs are to be paid pursuant to the conditions set forth in the Settlement Agreement.

13. <u>Modification of Settlement Agreement</u>.  The Parties are hereby authorized, upon approval of the Court, to agree to and adopt such amendments to, and modifications and expansions of, the Settlement Agreement, as are in writing and signed by the Parties' counsel and are consistent with this Final Approval Order and do not limit the rights of Eligible Class Members under the Settlement Agreement.

14. <u>Retention of Jurisdiction</u>.  The Court has jurisdiction to enter this Final Approval Order and the accompanying Final Judgment.  This Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and of this Final Approval Order and the accompanying Final Judgment, and for any other necessary purpose, including, without limitation:

a) enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action in the Action that, in whole or in part, are related to or arise out of the Settlement Agreement, this Final Approval Order or the Final Judgment;

b) entering such additional Orders as may be necessary or appropriate to protect or effectuate the Court's Final Approval Order and the Final Judgment approving the Settlement Agreement, or to ensure the fair and orderly administration of this settlement; and

c) entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction.

15. <u>No Admissions</u>.  Neither this Final Approval Order and the accompanying Final Judgment nor the Settlement Agreement (nor any other document referred to here, nor any action taken to carry out this Final Approval Order and the Final Judgment) is, may be construed as, or may be used as, an admission or concession: (a) by or against Defendants of the validity of any claim or any actual or potential fault, wrongdoing or liability or (b) by Plaintiffs that the claims

they have asserted in the Litigation lack merit. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related to it, shall not be construed as, or deemed to be evidence of, an admission or concession as to Defendants' denials or defenses or an admission or concession as to the merits of Plaintiffs' claims and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, except as evidence of the settlement or to enforce the provisions of this Final Approval Order and Final Judgment and the Settlement Agreement; provided, however, that this Final Approval Order, the accompanying Final Judgment, and the Settlement Agreement may be filed in any action against or by Defendants to support a defense of res judicata, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

The Clerk is **DIRECTED** to enter judgment and terminate this action.

IT IS SO ORDERED.

Date: February 3, 2025

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE