IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **SAHARA CAMPBELL,** *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:22-cv-199 |
| | : | |
| v. | : | |
| | : | |
| **PREMIERFIRST HOME HEALTH CARE INC.,** *et al.*, | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| | : | |
| Defendants. | : | |

## ORDER

Plaintiffs' unopposed Motion for Award of Attorneys' Fees for Defendants' Breach of the Parties' Settlement Agreement (Doc. 111); Plaintiffs' proposed judgment (Doc. 112); and Defendants' Response to Plaintiffs' Motion for Attorneys' Fees (Doc. 113) are before the Court.

As background, Plaintiffs sued Defendants on behalf of themselves and others similarly situated, alleging that their former employer, Defendant Premierfirst Home Health Care Inc. ("Premierfirst"), failed to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code Chapter 4111. (Doc. 37 at ¶¶ 18–34). The parties reported they settled the case on March 26, 2024. (Doc. 75). On October 29, 2024, the Court preliminarily approved the parties' Settlement Agreement. (Doc. 98). After holding a fairness hearing on January 14, 2025, the Court entered a final approval order and judgment on February 3. (Docs. 101, 102, 103).

On May 6, 2025, the Court found that Defendants breached the parties' Settlement Agreement by failing to make their first settlement payment of $250,000 by the agreed-upon deadline of April 5, 2025. (Doc. 110 at 6). Because of this breach, the Court concluded that Plaintiffs were entitled to their reasonable attorneys' fees, as well as pre-judgment and post-

judgment interest. (*Id.* at 7–10). The Court ordered Plaintiffs to file a motion for attorneys' fees and a proposed judgment entry "reflecting the amount of pre-judgment interest that has accrued from April 5, 2025" to the date of the Court's order, May 6, 2025. (*Id.* at 14).

Now, Plaintiffs have done so. (Docs. 111, 112). To start, Plaintiffs request $5,694.00 in attorneys' fees incurred because of Defendants' breach. (Doc. 111 at 1). Defendants do not oppose this request or amount. (Doc. 113 at 1).

To determine what is a reasonable award of attorneys' fees, courts use the lodestar method, which is calculated by multiplying a "reasonable hourly rate" by "a reasonable number of hours worked." *Jackson v. Reliance Const. Servs., LLC*, No. 1:20-cv-799, 2023 WL 4933269, at *4 (S.D. Ohio Aug. 2, 2023) (internal quotations and citations omitted). Here, Plaintiffs ask for hourly rates for counsel of $450, $475, and $350, as well as an hourly rate of $195 for their paralegal. (Doc. 111 at 6). Additionally, they say they expended 13.4 hours total litigating issues surrounding Defendants' breach of the Settlement Agreement. (*Id.*). Upon review, the Court finds that Plaintiffs' requested rates and the claimed number of hours expended are reasonable. Consequently, their unopposed Motion is **GRANTED**.

Turning to pre-judgment interest, Plaintiffs say that they are entitled to $1,698.63. (Doc. 112 at 1–2). Defendants challenge this calculation. Specifically, Defendants note that Plaintiffs ask for interest that accrued "between April 15, 2025 (date of breach) and May 6, 2025 (date of Court's Opinion and Order)" in their proposed judgment. (*Id.* at 2 (citing Doc. 112 at 2)). Given the April 15 date, Defendants say Plaintiffs' pre-judgment interest calculation is too high. (*Id.*).

This argument is meritless. Defendants base it on a typographical error. In Paragraph One of Plaintiffs' proposed judgment, Plaintiffs acknowledge that Defendants' deadline for their first settlement payment was April 5, 2025. (Doc. 112 at 1). But in the calculation portion of their

2

proposed judgment, Plaintiffs wrote April 15 instead of April 5, even though they calculated pre-judgment interest from April 5 to May 6.  (*Id.* at 2).  This error is not enough to warrant Defendants' request of a lower interest award.  Indeed, Defendants made their own typographical error in their response to Plaintiffs' proposed judgment.  (Doc. 113 at 1 ("Defendants' Response to Plaintiffs' Motion for Attoney's Fees [sic]")).  At bottom, the Court found that Plaintiffs are entitled to pre-judgment interest from April 5, 2025, until May 6, 2025.  (Doc. 110 at 7–9).  The Court will award that amount.  Given the applicable interest rate of eight percent, the 31 days that transpired between April 5 and May 6, and the $250,000 amount at issue, the Court finds that Plaintiffs are entitled to $1,698.63 in pre-judgment interest, as requested.

In sum, the Court **GRANTS** Plaintiffs' Motion for Award of Attorneys' Fees (Doc. 111) and **APPROVES** their pre-judgment interest calculation.  Plaintiffs are entitled to $5,694 in attorneys' fees and $1,698.63 in pre-judgment interest.  The Court will issue a separate judgment.

IT IS SO ORDERED.

Date:  May 20, 2025  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE